NUMBER
13-05-479-CR

 

                                 COURT OF
APPEALS

 

                     THIRTEENTH DISTRICT OF
TEXAS

 

                         CORPUS CHRISTI -
EDINBURG

______________________________________________________________

 

JUAN CALVILLO, JR.,                                                                      Appellant,

 

                                                             v.

 

THE
STATE OF TEXAS,                                                                    Appellee.

______________________________________________________________

 

                             On appeal from the 197th District Court 

                                       of
Cameron County, Texas.

______________________________________________________________

 

                               MEMORANDUM
OPINION

 

                         Before Justices
Hinojosa, Yañez, and Garza

                                 Memorandum
Opinion Per Curiam

 

Pursuant to a
plea bargain, appellant, Juan Calvillo, Jr., pleaded guilty to murder.  The trial court=s  certification of Calvillo=s right to appeal shows that this is a "plea
bargain case, and the Defendant has NO right of appeal."  See Tex.
R. App. P. 25.2(a)(2).








On August 23,
2005, this Court notified appellant=s counsel of the trial court=s certification and ordered counsel to: (1) review
the record; (2) determine whether appellant has a right to appeal; and (3)
forward to this Court, by letter, counsel=s findings as to whether appellant has a right to
appeal, or, alternatively, advise this Court as to the existence of any amended
certification.

On December 2,
2005, counsel filed an amended letter brief with this Court.  Counsel=s response does not establish (1) that the
certification currently on file with this Court is incorrect, or (2) that
appellant otherwise has a right to appeal.

Rule 25.2(a)(2)
provides that a defendant may appeal only matters that were raised by written
motion filed and ruled on before trial or after getting the trial court=s permission to appeal.  See Tex.
R. App. P. 25.2(a)(2).   Counsel=s response references neither of these exceptions,
and there is nothing in the record currently before the Court to support a
finding that appellant filed written pre-trial motions that were ruled on
before trial or that the trial court granted permission to appeal.  Accordingly, the trial court=s certification is supported by the documents
currently before the Court.  See Dears
v. State, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005).








The Texas Rules
of Appellate Procedure provide that an appeal must be dismissed if the trial
court's certification does not show that the defendant has the right of appeal.  Tex.
R. App. P. 25.2(d); see Tex. R.
App. P. 37.1, 44.3, 44.4.  A court
of appeals, while having jurisdiction to ascertain whether an appellant who
plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a
prohibited appeal without further action. 
Chavez v. State, Nos. PD‑1381‑04 and PD‑1382‑04,
2006 Tex. Crim. App. LEXIS 120, at *9‑*10 (Tex. Crim. App. Jan. 25,
2006).  This is so regardless of the
basis for the appeal.  See id.  Under these circumstances, no inquiry into
even possibly meritorious claims may be made.  Id.

Here, appellant
had no right of appeal because he was sentenced pursuant to the agreed terms of
a plea bargain and did not satisfy either of the exceptions stated in Rule
25.2(a)(2).  Accordingly, this appeal is
dismissed.  All pending motions are
denied as moot.

 

PER CURIAM

Do not publish.

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this

the 23rd day of March, 2006.